* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission finds the following.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Parties are properly before the Commission and the Commission has jurisdiction of the Parties and of the subject matter of this case. *Page 2 
2. All Parties have been designated correctly, and there is no question as to misjoinder or nonjoinder of the parties.
3. On February 24, 2004, an employment relationship existed between plaintiff and defendant. Defendant was a member of the NCACC Liability Pool, and Sedgwick CMS was the servicing agent of the workers' compensation claims for defendant. Plaintiff continues to work for the defendant.
4. Plaintiff filed a Form 18 on December 13, 2004 alleging ulnar nerve transposition due to repetitive motion (typing). On January 27, 2005, defendants denied the compensability for plaintiff's alleged injury pursuant to the filing of an Industrial Commission Form 61.
5. On January 31, 2005, plaintiff, through counsel, filed a Form 33 based on defendants' denial of her claim.
6. On February 25, 2005, defendants, through counsel, filed an Industrial Commission Form 33R alleging that plaintiff's injury was not work-related and that she did not report her injury within thirty (30) days as required by N.C. Gen. Stat. § 97-22.
7. Plaintiff's average weekly wage is six hundred eight and 80/l00 dollars ($608.80).
8. The parties further stipulate to the authenticity of the records of all medical providers and the ergonomics report prepared by Al Gorrod Ergonomics.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff has been employed by defendant as a social worker since August 23, 1999. In her capacity as a social worker, she is required to protect and ensure the safety of *Page 3 
children by going out in the field and doing home visits and documenting her findings back at the office. Plaintiff spends approximately fifty percent (50%) of her time in the office doing paperwork and fifty percent (50%) of her time in the field doing home visits. Plaintiff's time in the office is spent answering the phone, filling out intake sheets with a pencil, and working on a personal computer. When plaintiff is out of the office, her job duties include interviewing families, and reporting her interview findings back to the office.
2. Claimant broke her right elbow when she was seven (7) years old. The injury required a remodeling of the distal humerus at the elbow and resulted in abnormal anatomy at the elbow on the right arm.
3. On February 24, 2004, plaintiff presented to Dr. Armando Gonzalez at Atlantic Orthopedics, P.A. with complaints of pain along the right elbow and numbness and tingling in the right hand. Dr. Gonzalez notes that plaintiff had a history of two serious fractures in her right elbow during childhood. X-Rays taken on that date showed remodeling of the previous fracture along the distal humerus, but no new fracture, dislocation, or other significant abnormality. On April 2, 2004, plaintiff presented to Dr. James Markworth who reviewed a nerve study and opined that the study did not show any evidence of nerve damage; however, he noted that the only unusual finding was a high normal latency in the ulnar nerve, felt to be normal for her anatomy secondary to the previous fractures. On August 30, 2004, plaintiff presented to Atlantic Orthopedics where X-Rays showed boney changes which were thought to be related to plaintiff's childhood injury. On October 4, 2004, plaintiff underwent an ulnar nerve transposition performed by Dr. Bahner. No expert testimony was provided via deposition of Dr. Bahner.
4. Plaintiff presented to Dr. Esposito on January 17, 2005. In deposition testimony, Dr. Esposito testified that it was his understanding that plaintiff experienced a nerve entrapment *Page 4 
at the elbow. When asked what causes nerve entrapments, Dr. Esposito responded that "various things could cause nerve entrapment, including trauma, overuse type injuries, abnormal alignment issues, muscular skeletal, prior trauma, etc." He further opined that, in plaintiff's case, "it was impossible to say for sure what caused her condition". When asked if excessive typing could have caused ulnar nerve damage resulting in the necessity of surgery, Dr. Esposito responded "that's one of hundreds I would say."
5. When asked if he believed plaintiff's job exposed her to a higher risk of contracting the condition that she was treating for than the general public not so employed as a Social Worker IV, Dr. Esposito responded that he did not feel like plaintiff's job description as described to him has any higher risk of contracting either carpal tunnel syndrome or nerve compression at the elbow.
6. No employee has ever developed a condition similar to plaintiff's while working as a social worker with the defendant according to the testimony of Dr. Rita Shiver, Director of Pender County DSS.
7. There is no medical evidence that plaintiff's complaints of elbow pain and nerve compression were related or caused by her job duties.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff's claim for benefits under the North Carolina Workers' Compensation Act on account of her right elbow problems must be denied because she has failed to prove by the preponderance of the evidence that her employment with defendant was a significant contributing factor to the development of those problems. Plaintiff has presented insufficient *Page 5 
medical evidence and testimony that her elbow problems are causally related to her employment with defendant. Furthermore, there is no evidence in the record to indicate that plaintiff's employment exposed her to a greater risk of contracting the disease than the public generally. N.C. Gen. Stat. § 97-53.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for compensation pursuant to the North Carolina Workers' Compensation Act is hereby, DENIED.
2. Each side shall pay its own cost, except the defendants shall pay an expert witness fee of $500.00 to Dr. David A. Esposito.
This the 23rd day of April 2007.
 S/____________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/____________________ CHRISTOPHER SCOTT COMMISSIONER
 S/____________________ LAURA K. MAVRETIC COMMISSIONER *Page 1